1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                        DISTRICT OF NEVADA
9                              * * *
10   FIRST ADVISORY, LLC              )
                                      )
11             Plaintiff,             )        2:04-cr-01557 ECR-(RJJ)
                                      )
12   vs.                             )        REPORT &  RECOMMENDATION
                                      )            OF UNITED STATES
13                                    )          MAGISTRATE JUDGE
                                      )        (Plaintiff's Sealed Motion to Enforce
14                                    )         Settlement #95)
                                      )
15   AMERICAN WATER STAR, INC., ET AL.)
                                      )
16 _____Defendants._____)

17         This matter was submitted to the undersigned Magistrate Judge on Plaintiff's Sealed

18   Motion to Enforce Settlement (#95).  The Court has considered the Plaintiff's Motion to Enforce

19   Settlement (#95), the Errata (#96), Statement of Position (#98), the Defendant's Response (#99),

20   the Reply to the Defendant's Response (#101), and the Supplement to the Response (#104), in

21   addition to the arguments presented at the hearing.

22                              **BACKGROUND**

23         On November 9, 2005, the parties to this action entered into a global settlement

24   agreement which was entered on the record.  For three months following the agreement, the

25   parties attempted to memorialize the agreement but could not agree on the terms.  On February

26   15, 2006, the Court held a hearing on a previous Motion to Enforce Settlement (#86).  The

27   plaintiff's attorney had been drafting and circulating documents and had received no response

28   from the defendants.  Based on the representations made at the hearing, the Court denied the

1    Motion to Enforce Settlement (#86) as moot.  Due to the inability to finalize the settlement, the

2    plaintiff resubmitted the Motion to Enforce Settlement (#95).  First Advisory, LLC argues that it

3    is entitled to a compensation in the amount of $89,250, as part of the settlement.  The difference

4    between the valuation of the 1,487,500 American Water Star, Inc. free trading shares tendered on

5    February 27, 2006, and the $119,000 value of shares negotiated in the settlement agreement.  The

6    shares tendered on February 27, 2006, were valued at $29,750 on that date.  American Water

7    Star, Inc. asserts that it should not be penalized for the devaluation of the stock during the

8    negotiation of the settlement agreement.  It argues that the delay was caused by the plaintiff;

9    therefore, any loss in value of the stocks should be born by First Advisory, LLC.

10                                              **DISCUSSION**

11        The settlement agreement states that "The defendants will tender as full and final

12   settlement of this action the sum of $119,000. $119,000 U.S. is to be paid to plaintiff or his

13   representative within 14 days of execution of settlement documents with free trading stock of

14   American Water Star.  If and in the event the price of American Water Star securities falls from

15   the present close of 16 cents, the difference to $119,000 will be made up by tendering to the

16   plaintiff sufficient shares such that on the day set by tender to plaintiff's representative, Mr. Jack

17   Burden, he will receive sufficient shares as of that day to equal $119,000."  It is clear that the

18   plaintiff is not entitled to $89,250 in cash.  Rather, First Advisory, LLC is entitled to an amount

19   of shares of American Water Star free trading stock equivalent to $119,000 on the day set by

20   tender to Plaintiff's representative.  The day set by tender to Jack Burden was February 27, 2006.

21   Therefore, First Advisory, LLC is entitled to an additional 4,462,500 shares of American Water

22   Star free trading stock, whic was worth 2 cents per share on the day of tender. Although Plaintiff

23   argues that it has been prejudiced due to the delay in the execution of the settlement agreement,

24   that issue is not before the Court at this time.  Further, the prejudice, if any, from the delay in the

25   tender of the additional stock is likewise not before the Court.

26                                              **CONCLUSION**

27        The Motion to Enforce Settlement (#95) should be granted based on the terms agreed

28   upon by the parties on November 9, 2005.

1

2                                          **RECOMMENDATION**

3          Based on the foregoing and good cause appearing therefore,

4          IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the

5   Defendant's Motion to Enforce Settlement (#95) be **GRANTED** consistent with this Report and

6   Recommendation.

7                                             **NOTICE**

8          Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must**

9   **be in writing and filed with the Clerk of the Court on or before March 25, 2008**.  The Supreme

10  Court has held that the courts of appeal may determine that an appeal has been waived due to the

11  failure to file objections within the specified time.  Thomas v. Arn, 474 U.S. 140, 142 (1985).  This

12  circuit has also held that (1) failure to file objections within the specified time and (2) failure to

13  properly address and brief the objectionable issues waives the right to appeal the District Court's

14  order and/or appeal factual issues from the order of the District Court.  Martinez v. Ylst, 951 F.2d

15  1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

16         DATED this   12th   day of March, 2008.

17

18

19                                              _____
                                                ROBERT J. JOHNSTON
20                                              United States Magistrate Judge

21

22

23

24

25

26

27

28